FILED
June 14, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____D. Trujillo_____
                              DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § **Plaintiff,** § § **v.** § § **(1) JOSEPH ROCHA-CHAPARRO,** § **(2) JOSEFINA ESCOBAR-LIZALDE,** § **(3) JOSE ANTONIO ROCHA, and** § **(4) KAINOA SABLAN** § § **Defendants.** § | **S E A L E D** **SUPERSEDING INDICTMENT** **Case No.: EP:23-CR-00465-FM** **CT 1: 18 U.S.C. § 933 – Trafficking in Firearms** **CT 2: 18 U.S.C. § 932 – Straw Purchasing of Firearms** **CT 3: 18 U.S.C. §§ 371, 554 – Conspiracy to Smuggle Goods from the United States** **CT 4: 18 U.S.C. § 2, 554, Smuggling Goods From the United States** **CT 5: 18 U.S.C. § 554 – 18 U.S.C. §§ 922(a)(6), 924(a)(2) – False Statement During an Attempted Firearm Acquisition** **CT 6: 18 U.S.C. § 922(g) & § 924(a)(2) - Felon in Possession of a Firearm** |

## INTRODUCTION

At all relevant times during this Superseding Indictment, Title 18, United States Code, Section 923(g)(1)(A) required all Federal Firearms Licensees to keep accurate records of importation, production, shipment, receipt sale or other disposition of firearms at the place of business. One of the records Federal Firearms Licensees (FFLs) are required to keep is the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Firearm Transaction Record (Form 4473). The ATF Form 4473 requires the Buyer of the firearm to fill out Section A, which requires the Buyer's full name, address, date of birth, and other identifying information. Additionally, Question 21a on the Form 4473 asks whether the person completing the form is the "actual transferee/buyer

of the firearm(s) listed on the form." The question also includes a warning that if "[y]ou are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."

Additionally, the purchaser's certification, documented with a signature in block "22." of the Form 4473, explicitly states that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction is a crime punishable as a felony under Federal Law.

Further, firearms are defense articles described in Category 1(a) of the United States Munitions List contained in Title 22, Code of Federal Regulations, Section 121.1. Under 22 U.S.C. § 2778, an individual may export or attempt to export defense articles out of the United States only if he or she has received a license or written approval from the Department of State.

THE GRAND JURY CHARGES:

**COUNT ONE**
**(18 U.S.C. § 933(a)(1), (a)(2), (a)(3) and (b))**

The Grand Jury re-alleges and incorporates by reference the allegations of the Introduction as if fully set out herein.

Beginning on or about January 24, 2023, and continuing until the return of the indictment, in the Western District of Texas, the Republic of Mexico and elsewhere, the Defendants,

**(1) JOSEPH ROCHA-CHAPARRO,**
**(2) JOSEFINA ESCOBAR-LIZALDE,**
**(3) JOSE ANTONIO ROCHA, and**
**(4) KAINOA SABLAN**

did knowingly and willfully combine, conspire, confederate, and agree to commit offenses against the United States, namely: to willfully and knowingly ship, transport, transfer, cause to be transported, or otherwise dispose of firearms to another person, or receive firearms, to wit: a Rock Island, model M1911, .45 caliber handgun, a firearm in or otherwise affecting interstate or foreign

commerce, knowing or having reasonable cause to believe that the use, carrying, possession, or receipt of the firearm by the recipient would constitute a felony, all in violation of Title 18, United States Code, Section 933(a)(1), (a)(2), (a)(3) and (b).

## COUNT TWO
### (18 U.S.C. § 932(b)(3) and (c))

The Grand Jury re-alleges and incorporates by reference the allegations of the Introduction as if fully set out herein.

Beginning on or about January 24, 2023, and continuing until the date of the return of the indictment, in the Western District of Texas, and elsewhere, Defendants,

**(1) JOSEPH ROCHA-CHAPARRO and
(2) JOSEFINA ESCOBAR-LIZALDE,**

did knowingly purchase, attempted to purchase or conspired to purchase, firearms to wit: a Rock Island, model M1911, .45 caliber handgun, and other firearms, in or otherwise affecting interstate or foreign commerce, for, on behalf of, or at the request or demand of any other person, knowing or having reasonable cause to believe that such other person intended to use, carry, possess, or sell or otherwise dispose of the firearms in furtherance of a felony, to wit: exporting the firearm to Mexico without a license in violation of Title 18, United States Code, Section 554, all in violation of Title 18, United States Code, Section 932(b)(3) and (c).

## COUNT THREE
### (18 U.S.C. §§ 371, 554)

The Grand Jury re-alleges and incorporates by reference the allegations of the Introduction as if fully set out herein.

Beginning on or about January 24, 2023, and continuing until to the date of the return of the indictment, within the Western District of Texas, the Republic of Mexico and elsewhere, the Defendants,

**(1) JOSEPH ROCHA-CHAPARRO,**
**(2) JOSEFINA ESCOBAR-LIZALDE,**
**(3) JOSE ANTONIO ROCHA, and**
**(4) KAINOA SABLAN**

and others known and unknown to the grand jury, knowingly and willfully did combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, knowingly and unlawfully conceal, buy, and facilitate the transportation and concealment of any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit: a Rock Island, model M1911, .45 caliber handgun, all in violation of Title 18, United States Code, Section 554.

## OVERT ACTS

One or more of the Defendants committed at least one of the following overt acts in furtherance of the conspiracy:

1. On or about January 24, 2023, Defendant **(1) JOSEPH ROCHA-CHAPARRO** called Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** from th El Paso County Jail while using the Personal Identification Number (PIN) xxxx5482 to make the phone call and requested Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** to contact FFL # 1, an established Federal Firearms License (FFL) and ask about the availability of 9mm caliber Glock pistols.

2. On or about January 24, 2023, Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** contacted FFL #1 and informed Defendant **(1) JOSEPH ROCHA-CHAPARRO** that the FFL had a Glock model 19 for $499 and a Glock model 48 for $499. Defendant **(1) JOSEPH ROCHA-CHAPARRO** instructed Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** to try and purchase both pistols.

3. On or about January 24, 2023, Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** arrived at FFL # 1 and attempted to purchase a Glock, Model 48, 9mm handgun, serial number BYRW442 and a Glock, Model 19 Gen5, 9mm handgun, serial number BUBE707.

4. Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** completed the required Firearms Transaction Records, to purchase the firearms but was delayed and later denied.

5. Defendant **(1) JOSEPH ROCHA-CHAPARRO** then instructed Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** to text **(4) KAINOA SABLAN** and ask for the price of the firam that he (**(4) KAINOA SABLAN)** had sent (through text message) her.

6. On or about January 24, 2023, Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** called Defendant **(1) JOSEPH ROCHA-CHAPARRO** and told him that "he" (referring to Defendant **(3) JOSE ANTONIO ROCHA**) was inquiring about the price and caliber of a pistol that had a picture of the "Virgen" (Virgin Mary).

7. On or about January 24, 2023, Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** proceeded to do a three-way call with Defendant **(1) JOSEPH ROCHA-CHAPARRO** and Defendant **(3) JOSE ANTONIO ROCHA**. Defendant **(1) JOSEPH ROCHA-CHAPARRO** explained to Defendant **(3) JOSE ANTONIO ROCHA** that he (**(1) JOSEPH ROCHA-CHAPARRO)** had to provide the money first to the seller (**(4) KAINOA SABLAN**) for the pistol with the "Virgen" (Rock Island, model M1911, .45 caliber).

8. Defendant **(3) JOSE ANTONIO ROCHA** asked what the make and caliber were because they (unknown buyers) were asking for that information. Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** responded that the pistol was a Rock Island, model M1911, .45 caliber.

9. On or about January 24, 2023, Defendant **(1) JOSEPH ROCHA-CHAPARRO** contacted Defendant **(4) KAINOA SABLAN** by phone. Defendant **(1) JOSEPH ROCHA-CHAPARRO** asked Defendant **(4) KAINOA SABLAN** if he (**(4) KAINOA SABLAN**) could go to Mexico. Defendant **(1) JOSEPH ROCHA-CHAPARRO** told Defendant **(4) KAINOA SABLAN** they were getting $1500 for the firearm. Defendant **(4) KAINOA SABLAN** agreed to sell Defendant **(1) JOSEPH ROCHA-CHAPARRO** the Rock Island M1911 pistol for $900. Defendant **(1) JOSEPH ROCHA-CHAPARRO** told Defendant **(4) KAINOA SABLAN** to text Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** the address.

10. On or about January 24, 2023, Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** texted Defendant **(4) KAINOA SABLAN** advising him that she was 40 minutes away from his location. Defendant **(4) KAINOA SABLAN** instructed Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** to park by the mailbox. Defendant **(4) KAINOA SABLAN** informed Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** that Defendant **(1) JOSEPH ROCHA-CHAPARRO** had stated for her to send the other $100 to the Cashapp account. Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** asked Defendant **(4) KAINOA SABLAN** if he had received the money, to which

Defendant **(4) KAINOA SABLAN** confirmed he had.

11. On or about January 24, 2023, Defendant **(1) JOSEPH ROCHA-CHAPARRO** told Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** that for her first time not to take a purse when crossing the international bridge into Mexico so that law enforcement would not check her. Instead, Defendant **(1) JOSEPH ROCHA-CHAPARRO** suggested to Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** that she tape the firearms on her body and wear loose clothing so that law enforcement would not inspect her.

12. On or about January 24, 2023, Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** called Defendant **(1) JOSEPH ROCHA-CHAPARRO** to inform that Defendant **(3) JOSE ANTONIO ROCHA** had texted asking if they could bring him the pistol of the "Virgen" and would pay Defendant **(1) JOSEPH ROCHA-CHAPARRO** $1,300 USD for the pistol.

13. On or about January 24, 2023, Defendant **(1) JOSEPH ROCHA-CHAPARRO** called Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** and she told him that she was walking the downtown bridge (Paso del Norte International Bridge) and Defendant **(3) JOSE ANTONIO ROCHA** would be waiting for her on the Mexican side. Defendant **(1) JOSEPH ROCHA-CHAPARRO** asked Defendant **(2) JOSEFINA ESCOBAR-LIZALDE**, "Si la traes bien?" inferring if Defendant **(2) JOSEPFINA ESCOBAR-LIZALDE** had the firearm secured. Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** stated she was in the restroom doing so.

14. On or about January 24, 2023, Defendant **(1) JOSEPH ROCHA-CHAPARRO** called Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** and she told him that she had crossed already and was with Defendant **(3) JOSE ANTONIO ROCHA**. Defendant **(3) JOSE ANTOINO ROCHA** got on the phone and told Defendant **(1) JOSEPH ROCHA-CHAPARRO** that a friend wanted fifteen "cuernos" (Spanish slang for AK-47 type rifles), and they would finance the purchase.

15. On or about January 24, 2023, Defendant **(1) JOSEPH ROCHA-CHAPARRO** video called Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** and asked to see the cash. Defendant **(2) JOSEFINA ESCOBAR-LIZALDE** showed a bundle of $100 USD bills.

## COUNT FOUR
### (18 U.S.C. § 554)

The Grand Jury re-alleges and incorporates by reference the allegations of the Introduction as if fully set out herein.

On or about January 24, 2023, in the Western District of Texas, and elsewhere, Defendant,

**(2) JOSEFINA ESCOBAR-LIZALDE,**

knowingly and unlawfully concealed, bought, and facilitated the transportation and concealment of any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit: a Rock Island, model M1911, .45 caliber handgun, all in violation of Title 18, United States Code, Section 554.

**COUNT FIVE**
**(18 U.S.C. §§ 922(a)(6), & 924(a)(2))**

The Grand Jury re-alleges and incorporates by reference the allegations of the Introduction as if fully set out herein.

That on or about January 24, 2023, within the Western District of Texas, the Defendant,

**(2) JOSEFINA ESCOBAR-LIZALDE,**

in connection with the attempted acquisition of firearms, to wit: a Glock, Model 48, 9mm handgun, serial number BYRW442, and a Glock, Model 19 Gen5, 9mm handgun, serial number BUBE707 from FFL # 1, a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, Defendant, **(2) JOSEFINA ESCOBAR-LIZALDE**, knowingly made a false and fictitious written statement intended and likely to deceive said dealer as to a fact material to the lawfulness of the acquisition and sale of said firearm to Defendant, **(2) JOSEFINA ESCOBAR-LIZALDE**, under Chapter 44 of Title 18, in that Defendant, **(2) JOSEFINA ESCOBAR-LIZALDE,** stated and represented on a Bureau of Alcohol, Tobacco and Firearms Form 4473 the answer "yes" in response to the question, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact Defendant, **(2) JOSEFINA ESCOBAR-LIZALDE** knew she was in fact not the actual buyer of the firearm listed on the form, as she was purchasing the firearm for another person, and not for herself, in violation of Title 18, United States Code, Sections 922(a)(6) & 924(a)(2).

**COUNT SIX**
18 U.S.C. §§922(g)(1) and 924(a)(2)

On or about January 24, 2023, in the Western District of Texas, Defendant,

**(4) KAINOA SABLAN,**

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, as that term is defined in Title 18, United States Code, Section 921(a)(3), that is: a Rock Island, model M1911, .45 caliber handgun, said firearm having been shipped and transported in interstate or foreign commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

A TRUE BILL.

_____
FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
Assistant United States Attorney