**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CRIMINAL NO. EP-23-CR-0465-FM** |
| | § | |
| **(4) KAINOA SABLAN,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## UNITED STATES RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files this response in opposition to Defendant Kainoa Sablan's Motion to Dismiss Count One for failure to adequately advise the defendant of his alleged misconduct and for being duplicitous (ECF 113). Count One clearly states an offense and cannot be dismissed for failure to do so. Count One properly charges a single conspiracy offense and is not duplicitous. Therefore, Defendant's motion should be denied.

## I.    RELEVANT BACKGROUND

On June 14, 2023, Defendant Kainoa Sablan, along with three (3) other co-Defendants were charged in a six (6) count Superseding Indictment by a Grand Jury (see ECF 67). Defendant Sablan was charged in Count One (trafficking in firearms[1]), Count Three (conspiracy to smuggle goods from the United States) and Count Six (felon in possession of a firearm).

Count One of the Superseding Indictment, in relevant part, states the following:

"Beginning on or about January 24, 2023, and continuing until the return of the indictment, in the Western District of Texas, the Republic of Mexico and elsewhere, the Defendants,

**(1) JOSEPH ROCHA-CHAPARRO,**
**(2) JOSEFINA ESCOBAR-LIZALDE,**

---

[1] "Trafficking in firearms" is the statutory title of 18 U.S.C. § 933.

**(3) JOSE ANTONIO ROCHA, and**
**(4) KAINOA SABLAN**

did knowingly and willfully combine, conspire, confederate, and agree to commit offenses against the United States, namely: to willfully and knowingly ship, transport, transfer, cause to be transported, or otherwise dispose of firearms to another person, or receive firearms, to wit: a Rock Island, model M1911, .45 caliber handgun, a firearm in or otherwise affecting interstate or foreign commerce, knowing or having reasonable cause to believe that the use, carrying, possession, or receipt of the firearm by the recipient would constitute a felony, all in violation of Title 18, United States Code, Section 933(a)(1), (a)(2), (a)(3) and (b)."2

## II.    LEGAL ANALYSIS

The defendant argues that Count One should be dismissed because it fails to advise him of his alleged misconduct. Specifically, the defendant alleges that Count One does not identify the individual that the defendant conspired with, the recipient. Because Count One of the Superseding Indictment provides ample information about the nature of the charges, the defendant's argument fails.

### A.  Federal Rule of Criminal Procedure 7(c)(1)

An indictment need only be a "plain, concise, and definite written statement of the essential facts constituting the offense charged" and "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). As a constitutional matter, "an indictment must 1) enumerate each prima facie element of the charged offense, 2) notify the defendant of the charges filed against him, and 3) provide the defendant with a double jeopardy defense against future prosecutions." *United States v. Suarez*, 966 F.3d 376, 382 (5th Cir. 2020) (internal quotation marks omitted; alterations in original); *see also United States v. Webb*, 747 F.2d 278, 284 (5th Cir. 1984) ("[A]n indictment needs only to allege each essential element of the offense charged so as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any

_____

2 See ECF 67.

subsequent proceeding."). "The test of the validity of an indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Id*. "Under this liberal review, [the court] look[s] to a practical, nontechnical reading of the indictment as a whole, and an indictment will be held sufficient unless 'no reasonable construction of the indictment would charge the offense for which the defendant has been convicted.'" *United States v. Cluck*, 143 F.3d 174, 178 (5th Cir. 1998) (citing *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir. 1994)); *see also United States v. Balde*, 943 F.3d 73, 89 (2d Cir. 2019) ("the standard for the sufficiency of an indictment is not demanding"; "in order to sufficiently charge a crime, an indictment must do little more than . . . track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime" (internal quotation marks omitted)). "[I]t is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense." *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir.1986) (internal citations omitted); *see also United States v. Cauble*, 706 F.2d 1322, 1351 (5th Cir.1983); *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir.1983)).

**1.  Count One adequately advises the defendant of his alleged misconduct.**

The defendant is charged in Count One with trafficking in firearms in violation Title 18, United States Code, Section 933(a)(1) or 933(a)(2) or 933(a)(3) and (b).3  Count One plainly tracks the language of the applicable statute, Title 18, United States Code, Section 933, which is all that is required. The elements for each subsection are as follows:

**§ 933(a)(1)**

- (1) That the defendant knowingly shipped, transported, transferred, caused to be transported or disposed of a firearm to another person.

---

3 Title 18 U.S.C. 933(b) states the penalty.

- (2) That the shipping, transporting, transferring, causing to be transported or disposition of the firearm was in or otherwise affecting interstate commerce.

- (3) That the defendant knew or had reasonable cause to believe that the use, carrying or possession of the firearm by the other person/recipient would constitute a felony.

**§ 933(a)(2)**

- (1) That the defendant knowingly received a firearm from another person.

- (2) That the receipt of the firearm was in or otherwise affecting interstate commerce.

- (3) That the defendant knew or had reasonable cause to believe that receipt would constitute a felony.

**§ 933(a)(3)**

- Conspiracy to traffic firearms in violation of section 933(a)(1) or (a)(2).

An indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *United States v. Resendiz Ponce*, 549 U.S. 102, 108 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). An indictment that clearly tracks the language of the relevant criminal statute is generally sufficient if the required elements are included in the statutory language. *United States v. Arlen*, 947 F.2d 139 (5th Cir. 1991); *United States v. London*, 550 F.2d 206 (5th Cir. 1977). Count One of Superseding Indictment complies with these requirements. It tracks the language of the statute and contains the elements of the charged offense. Accordingly, the defendant has been afforded sufficient notice of the charge against him as set forth in Count One of the Superseding Indictment.

Defendant alleges that he cannot form a defense because the person he conspired with to provide a weapon is not identified in the Superseding Indictment. The defendant's argument misapprehends the law. As stated previously, Count One of the Superseding Indictment adequately notifies the defendant of the charge. It need not identify the co-conspirators. As the Fifth Circuit has stated: "[I]n order for [the defendant] to be convicted of conspiracy it [i]s not necessary for the

Case 3:23-cr-00465-FM    Document 118    Filed 09/29/23    Page 5 of 9


government to prove that he knew all of the members of the conspiracy." *United States v. Pofahl*, 990 F.2d 1456, 1470 (5th Cir. 1993). Finally, the United States, through discovery, has provided the defendant with more than sufficient evidence demonstrating that he conspired with others to traffic firearms. The information in the Superseding Indictment, together with the discovery materials, more than adequately informs the defendant about the pending charges and enable him to prepare for trial.

### 2. Defendant is protected against Double Jeopardy.

Count One of the Superseding Indictment contains (1) "the elements of the offense charged and fairly inform[s the] Defendant of the charge against which he must defend," and (2) "enable[s] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Kay*, 359 F.3d 742 (5th Cir. 2004). Count 1 contains citations to 18 U.S.C. § 933(a)(1), (a)(2), (a)(3) and (b), and articulates that "Beginning on or about January 24, 2023, and continuing until the return of the indictment, in the Western District of Texas, the Republic of Mexico and elsewhere," the Defendants … did knowingly and willfully combine, conspire, confederate, and agree to commit offenses against the United States ….", see Superseding Indictment ECF 67. Count 1 then references, by statute, exactly those laws the Defendant conspired to violate. *Id*. This information is more than sufficient for the Defendant to understand the charge against which he must defend. The United States set forth the elements of the charged conduct as well as the dates and locations where the charged conduct occurred. This is more than sufficient to protect the defendant against double jeopardy.

### 3. Count One is not duplicitous.

The defendant alleges that Count One is duplicitous because it joins more than one offense and/or more than one conspiracy.[4] "Duplicity occurs when a single count in an indictment

---

4 It is not entirely clear from his motion whether defendant is alleging duplicity based on distinct

contains two or more distinct offenses." *United States v. Barrera*, 444 Fed. Appx. 16, 24 (5th Cir. 2011). A single count charging conspiracy to commit several crimes is not duplicitous, because the conspiracy itself is the single crime, "however diverse its objects." *United States v. Cooper*, 966 F.2d 936, 939 (5th Cir. 1992) (quoting *Braverman v. United States*, 317 U.S. 49, 54 (1942)). "That an indictment alleges more than one means by which conspirators 'sought to accomplish [a] scheme does not render it duplicitous.'" *United States v. Mauskar*, 557 F.3d 219, 226 (5th Cir. 2009) (quoting *United States v. McDermot*, No. 93-3606, 1995 WL 371036, at *4 (5th Cir. June 5, 1995)). Rather, the factors to be taken into consideration in counting the number of separate conspiracies are: "(1) the existence of a common goal; (2) the nature of the scheme; and (3) the overlapping of the participants in the various dealings." *United States v. Mitchell*, 484 F.3d 762, 770 (5th Cir. 2007) (internal citations omitted); *see also Barrera*, 444 Fed. Appx. at 25 (citing the *Mitchell* factors and holding that a conspiracy charging two separate false claims in 2001 and 2003 was not duplicitous because the defendants' actions shared a common purpose in carrying out similar schemes).

Regarding the first prong of the *Mitchell* factors, the Fifth Circuit "has broadly defined the criterion of a common goal in counting conspiracies." *Mitchell*, 484 F.3d at 770 (internal citations omitted). With respect to the second prong, "the existence of a single conspiracy will be inferred where the activities of one aspect of the scheme are necessary or advantageous to the success of another aspect or to the overall success of the venture, where there are several parts inherent in a larger common plan." *Id.* (quoting *United States v. Morris*, 46 F.3d 410, 416 (5th Cir. 1995)). And under the third prong, a single conspiracy is more likely to be found when the various participants are more closely related or interconnected. *Id.* Importantly, "there is no requirement that every member must participate in every transaction to find a single conspiracy." *Morris*, 46 F.3d at 416

---

offenses or distinct conspiracies. Nonetheless, his argument fails on both grounds.

(quoting *United States v. Richerson*, 833 F.2d 1147, 1154 (5th Cir. 1987)).

Count One charges four defendants for violating Title 18, United States Code, Section 933(a)(1), (a)(2), (a)(3) and (b). As previously outlined, Section (a)(1) criminalizes a person who transfers a firearm to another person, in or affecting interstate commerce, knowing or having reasonable cause to believe that the possession of the firearm by the recipient would constitute a felony. Section (a)(2) criminalizes a person who receives a firearm, in or affecting interstate commerce, from another person, knowing or having reasonable cause to believe that such receipt would constitute a felony. Section (a)(3) criminalizes the persons who conspire to commit the acts described in Sections (a)(1) or (a)(2). Each defendant charged in Count One of the Superseding Indictment is charged with Section (a)(3) - conspiracy. Each defendant played a role to achieve the objective of the conspiracy. Consequently, they were all included Count One and are duly notified. Count One references, by statute, exactly those laws the defendant conspired to violate.

Furthermore, whether the evidence at trial may establish two distinct conspiracies, or whether the government could have alleged two separate conspiracies in the Superseding Indictment—one among Defendant Sablan, Defendant Escobar and Defendant Rocha Chaparro, and another among Defendant Escobar, Defendant Rocha Chaparro and Defendant Rocha—is irrelevant to the duplicity analysis. *See Mauskar*, 557 F.3d at 226; *Barrera*, 444 Fed. Appx. at 25. So long as the Superseding Indictment can be read to identify a single conspiracy with a single purpose, the defendant's motion to dismiss for duplicity fails. *Id.*

**III.    CONCLUSION**

For all the foregoing reasons, the Defendant's Motions to Dismiss should be denied.


Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY


By:    /s/_____
       JUAN ALBINO
       Assistant U.S. Attorney
       Florida Bar#1025294
       700 E. San Antonio, Suite 200
       El Paso, Texas 79901
       (915) 534-6884


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 29, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will, in turn, transmit notification of such filing to the attorneys of record for Defendants.


By:    /s/_____
       JUAN ALBINO
       Assistant U.S. Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | **CRIMINAL NO. EP-23-CR-0465-FM** |
| **v.** | § | |
| | § | |
| **(4) KAINOA SABLAN,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

On this date came on to be considered the United States Response in Opposition to Defendant's Motion to Dismiss in the above numbered cause, and the Court having considered the same, is of the opinion that said Response in Opposition should be granted and Defendant's Motion to Dismiss be denied.

IT IS THEREFORE ORDERED that the United States Response in Opposition should be granted and Defendant's Motion to Dismiss be denied.

SIGNED and ENTERED this the _____ day of September, 2023.

_____
HONORABLE FRANK MONTALVO
SENIOR UNITED STATES DISTRICT JUDGE